1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6

JANENE A.,

7

Plaintiff,

8

v.

9

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

10

Case No. C19-5995 TLF

ORDER AFFIRMING DECISION

11      Plaintiff has brought this matter for judicial review of defendant's denial of her

12  applications for disability insurance and supplemental security income (SSI) benefits.

13      The parties have consented to the jurisdiction of a Magistrate Judge. 28 U.S.C. §

14  636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set

15  forth below, the Court affirms Defendant's decision to deny benefits.

16                          I.      ISSUES FOR REVIEW

17      1.      Did the ALJ properly evaluate the medical opinion evidence?
        2.      Did the ALJ properly evaluate the lay evidence?
18      3.      Did the ALJ properly evaluate plaintiff's subjective testimony?
        4.      Did the ALJ err at step two of the sequential evaluation?
19

20                          II.     BACKGROUND

21      Plaintiff filed applications for DIB and SSI in January and February 2017, alleging

22  a disability onset date of August 22, 2016. AR 171-74, 187-92. Plaintiff's applications

23  were denied initially and on reconsideration. AR 103-09, 106-09, 112-14, 115-17.

24  Administrative Law Judge ("ALJ") Rudy M. Murgo held a hearing on August 8, 2018. AR

25

29-56. On October 15, 2018, the ALJ issued a decision that plaintiff was not disabled. Tr. 12-28. On August 14, 2019, the Appeals Council denied Aguilar's request for review. AR 1-3.

Plaintiff seeks judicial review of the ALJ's October 15, 2018 decision. Dkt. 12.

III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). This requires "more than a mere scintilla," of evidence. *Id.* It is not the same standard as would apply in a case adjudicated by the Board of Immigration Appeals, where the decision of the Board of Immigration Appeals is reversible when evidence in the record "not only supports that conclusion, but *compels* it." *Ahearn v. Saul,* __ F.3d __, No. 19-35774, 2021 WL 609825 (9th Cir. February 17, 2021) at *1-*2 (comparing *Biestek v. Berryhill,* at 1154, with *I.N.S. v. Elias-Zacharias,* 502 U.S. 478, 481 n. 1 (1992) and the language adopted by Congress in 8 U.S.C. § 1252(b)(4)(B)).

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss *all* evidence presented". *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of lumbar and cervical degenerative disc disease, osteoarthritis, and history of shoulder strains. AR 17. The ALJ also found that plaintiff had a medically non-severe impairment of depression. AR 18.

Based on the limitations stemming from plaintiff's impairments, the ALJ found that plaintiff could perform a reduced range of light work. AR 19. Relying on vocational expert ("VE") testimony, the ALJ found that plaintiff was unable to perform any past relevant work, but she could perform other jobs, including the jobs of hand packager/inspector, electrical accessory assembler, and production assembler. AR 22-23, 48-50. The ALJ therefore determined at step five of the sequential evaluation that plaintiff was not disabled. AR 23.

A.   Whether the ALJ properly evaluated the medical opinion evidence

Plaintiff contends that the ALJ erred in discounting the opinion of treating physician Cathleen O'Farrell. Dkt. 12, at 3-4.

In assessing an acceptable medical source – such as a medical doctor – the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." Lester, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983))

1    Plaintiff saw Dr. O'Farrell for treatment between November 2016 and June 2017.

2    *See, e.g.*, AR 315-16, 385-86. On January 13, 2017, Dr. O'Farrell wrote a short

3    statement that "[plaintiff] has chronic illness that limits her ability to walk, lift and work. I

4    have advised her to apply for long term permanent disability." AR 296. The ALJ gave

5    little weight to Dr. O'Farrell's opinion, reasoning that the reported limitations were too

6    vague to be useful to the ALJ's determination of the plaintiff's Residual Functional

7    Capacity ("RFC"). AR 21. The ALJ also reasoned that the opinion was inconsistent with

8    the "weak objective evidence, routine and conservative course of treatment, and

9    [plaintiff's] activities of daily living such as house and yard work." *Id.*

10    With respect to the ALJ's first reason, a finding that a physician's opinion is not

11    well explained can serve as a specific and legitimate reason for discounting that

12    opinion. *See* 20 C.F.R. § 404.1527(c)(3) (The better an explanation a source provides

13    for a medical opinion, the more weight the Social Security Administration will give that

14    opinion). "An ALJ need not accept a [controverted] treating physician's opinion that is

15    conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*, 242

16    F.3d 1144, 1149 (9th Cir. 2001). If a treating physician's opinion names limitations

17    without specifying the degree of the plaintiff's functional limitations, an ALJ may

18    reasonably discount the opinion as inadequate for the purpose of determining the RFC.

19    *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020).

20    Here, Dr. O'Farrell's opinion was controverted by the opinions of the state

21    agency consultants, whose opinions the ALJ gave significant weight, which plaintiff

22    does not argue to have been error. AR 21. Dr. O'Farrell's statement named lifting and

23    walking as plaintiff's areas of limitation, but Dr. O'Farrell did not state the extent of

24

25

1    plaintiff's limitations or specify any evidentiary basis for her conclusion that these

2    limitations prevented plaintiff from working. AR 292. The ALJ therefore offered a specific

3    and legitimate reason to give Dr. O'Farrell's opinion little weight.

4           The Court need not assess whether the ALJ's other reasons were proper, as any

5    error would be harmless. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155,

6    1162 (9th Cir. 2008)).

7           Plaintiff also contends that the ALJ failed to incorporate a limitation found by Dr.

8    Platter and Dr. St. Louis; plaintiff alleges the RFC is missing the limitation that "Plaintiff

9    was bilaterally limited to only occasional lateral reaching." Dkt. 12, at 7; see AR 63, 86

10   (doctors' opinions). Yet the ALJ accorded these opinions significant weight, and the

11   RFC specifically stated that "[plaintiff] is limited to occasional overhead bilateral

12   reaching." The ALJ did not err here.

13          B.   Whether the ALJ properly evaluated other opinion evidence

14          Plaintiff contends that the ALJ erred in giving the testimony of Ms. Einerson,

15   ARNP, less weight. Dkt. 12, at 3. As a nurse practitioner, Ms. Einerson is considered

16   other than an accepted medical source, whose opinion is treated as lay testimony. 20

17   C.F.R. § 404.1513(d) (effective Sep. 3, 2013 to Mar. 26, 2017) (nurse practitioners are

18   considered other medical sources).

19          Lay testimony regarding a claimant's symptoms "is competent evidence that an

20   ALJ must take into account," unless the ALJ "expressly determines to disregard such

21   testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236

22   F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the

23   specific record as long as "arguably germane reasons" for dismissing the testimony are

24

25

1    noted, even though the ALJ does "not clearly link his determination to those reasons,"

2    and substantial evidence supports the ALJ's decision. *Id.* at 512. The ALJ also may

3    "draw inferences logically flowing from the evidence." *Sample*, 694 F.2d at 642.

4        Ms. Einerson examined plaintiff on January 26, 2017 and completed a form

5    about plaintiff's physical abilities. AR. 297-303. In the form, Ms. Einerson twice marked

6    that plaintiff was limited to sedentary work, but her notes state that plaintiff "can work

7    light duty." AR 298-99, 299, 304. Ms. Einerson rated plaintiff's functional limitations as

8    "mild." AR 298.

9        The ALJ assigned "some but less than great weight" to Ms. Einerson's opinion,

10   giving weight to the portion of the opinion that plaintiff could engage in light duty work

11   and discounting the opinion limiting plaintiff to sedentary work. AR 21. The ALJ

12   reasoned that the opinion was internally inconsistent, as the examination report did not

13   contain evidence to support a sedentary limitation. *Id.* The ALJ also reasoned that the

14   opinion was inconsistent with the "weak objective evidence, routine and conservative

15   course of treatment, and activities of daily living." *Id.*

16       An internal inconsistency can serve as a specific and legitimate reason for

17   discounting a physician's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d

18   595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

19   2001) (upholding ALJ's rejection of an internally inconsistent medical opinion). Here, the

20   ALJ noted that the examination results had not included any observations of plaintiff's

21   distress or pain behavior, weakness or atrophy in plaintiff's extremities, or difficulty

22   walking, which is consistent with the note that plaintiff could perform light duty work but

23   inconsistent with a sedentary limitation.

24

25

1    As such, the ALJ provided a specific and legitimate reason, that is, even greater

2    than a germane reason, for giving less than great weight to Ms. Einerson's opinion. As

3    discussed above, the Court need not assess whether the ALJ's other reasons were

4    proper, as any error would be harmless. *See Presley-Carrillo v. Berryhill*, 692 Fed.

5    Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533

6    F.3d 1155, 1162 (9th Cir. 2008)).

7    Plaintiff also contends that the opinions of Mr. Jensen and Ms. Ragan were

8    improperly discounted. Dkt. 12, at 6-7. Mr. Jensen and Ms. Ragan, therapists, treated

9    plaintiff for her anxiety and depression. AR 355-80. On June 9, 2017, these counselors

10   opined that plaintiff was "making progress regarding managing symptoms of her mental

11   health," but that she might "regress if . . . she became engaged in any work activity that

12   would require more than minimal hours." AR 355.

13   The ALJ gave this letter little weight, reasoning that (1) plaintiff had received

14   limited mental health treatment, suggesting her symptoms would not be limiting for 12

15   consecutive months; (2) the opinion was inconsistent with the record, which lacked

16   observations that plaintiff's mental symptoms affected basic work activities; and (3)

17   plaintiff had not alleged that her mental health conditions were disabling or limiting at

18   the administrative hearing. AR 19.

19   The ALJ noted that plaintiff's mental health counseling ceased after several

20   months in 2017, during which she "mostly complained of situational stress." AR 19. The

21   ALJ noted that she had not sought additional mental health treatment after she reported

22   resolving some of her situational stressors (e.g., her relationship, housing). *Id.*

23   Additionally, the ALJ cited to Mr. Jensen and Ms. Ragan's treatment notes, finding that

24

25

1  the notes did not contain observations of significant difficulty with "attention,

2  concentration, memory, or social interactions." *Id.*

3        In response to the ALJ's argument that the letter is inconsistent with the medical

4  record, plaintiff argues that treatment notes from plaintiff's treating physicians support

5  the opinions of her therapists. Dkt. 12, at 6. Yet plaintiff does not identify any functional

6  limitations assessed in the letter or argue that the opinions support plaintiff's inability to

7  perform basic mental work activities. Plaintiff has not alleged any functional limitations

8  caused by her mental impairments. *See* Dkt. 12. Accordingly, the ALJ provided a

9  germane reason to discount the letter from Mr. Jansen and Ms. Ragan.

10        Plaintiff also alleges error in the ALJ's failure to discuss notes made by SSI

11  Facilitators Mr. Roper and Ms. Newkirk. Dkt. 12, at 15, citing AR 240-42. These notes

12  are checkbox forms to list observations from face-to-face encounters with plaintiff, but

13  they do not contain opinions on plaintiff's functional limitations. AR 240-243. As such,

14  this is not lay witness testimony requiring discussion by the ALJ: the ALJ is not required

15  to address every note or observation in the record. *Vincent on Behalf of Vincent v.*

16  *Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (the ALJ "need not discuss *all* evidence

17  presented" to him or her) (emphasis in original).

18        C.  <u>Whether the ALJ properly evaluated plaintiff's testimony</u>

19        Plaintiff contends that the ALJ did not provide clear and convincing reasons for

20  discounting her symptom testimony. Dkt. 12, at 7-15.

21        In weighing a Plaintiff's testimony, an ALJ must use a two-step process. *Trevizo*

22  *v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). First, the ALJ must determine whether

23  there is objective medical evidence of an underlying impairment that could reasonably

24

25

be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999).

In discounting Plaintiff's symptom testimony, the ALJ reasoned that plaintiff's allegations concerning the intensity, persistence and limiting effects of her physical and mental impairments were inconsistent with the medical record. AR 22. Specifically, the ALJ found that (1) only weak objective evidence supported plaintiff's claims, (2) plaintiff had received only routine and conservative treatment; and (3) plaintiff's reported activities of daily living indicated that she was less limited than she alleged. AR 22-24.

Regarding the ALJ's first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Commissioner of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1995) (internal quotation marks omitted, and emphasis added); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

Regarding the ALJ's second reason, evidence of conservative treatment is a clear and convincing reason for discrediting a claimant's testimony. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

2001). Plaintiff does not challenge the characterization of her treatment as routine or conservative. *See* Dkt. 12, at 10. Instead, plaintiff argues that conditions that may "*only* be treated with 'routine and conservative' treatment" are still capable of causing disability, but plaintiff has not argued that her own condition is limited to such treatment. Dkt. 12, at 10 (emphasis added).

The ALJ cited to plaintiff's positive response to physical therapy with respect to her pain and functioning. AR 20, citing AR 425, 445, 449. The ALJ also noted that plaintiff's pain management regime, consisting of hydrocodone and Flexeril, underwent few changes over the course of plaintiff's treatment. AR 20, citing 304. The ALJ permissibly inferred that plaintiff's pain was "relatively managed" by treatment, undermining plaintiff's reports regarding the disabling nature of her pain. Substantial evidence supports the ALJ's reasoning here.

Finally, plaintiff argues that her activities of daily living are not inconsistent with her testimony. Dkt. 12. A claimant's participation in everyday activities indicating capacities that are transferable to a work setting may constitute a clear and convincing reason for discounting that claimant's testimony. *See Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir.1999). The ALJ cited to plaintiff's function report, in which she indicated that she prepares small meals, does light housework, drives, and shops in stores. AR 21, citing 268. Plaintiff's ability to engage in these routine, undemanding activities does not constitute a clear and convincing reason for discounting Plaintiff's testimony. *Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home,

are not similar to typical work responsibilities."). Furthermore, the Commissioner concedes that the ALJ improperly relied on plaintiff's ability to barbeque, visit parks, and go on road trips once a year. Defendant's Responsive Brief, Dkt. 13, at 7.

The ALJ also cited to plaintiff's reports of gardening weekly and treatment notes referring to plaintiff doing garden and yard work. AR 21, citing 268, 345, 385. Plaintiff's gardening habit tends not to support the ALJ's conclusion that plaintiff could engage in more strenuous physical activity. Rather, due to gardening and yard work exacerbating plaintiff's pain, plaintiff's physician advised her to avoid pushing and pulling in the garden, eventually administering steroid injections to plaintiff's injured shoulder. AR 345. Plaintiff complied with her physician's advice and ceased keeping a garden, as she testified in the disability hearing. AR 40.

Despite these errors, the ALJ provided another clear and convincing reason to discount plaintiff's testimony. The ALJ did not err to find that plaintiff's testimony at the hearing of being unable to walk more than a block conflicted with her report to her physical therapist six months prior, that she had begun walking two miles per day at the mall. AR 21, citing AR 39, 449. Accordingly, the ALJ did not err when discounting plaintiff's subjective symptom testimony. *See Presley-Carrillo v. Berryhill*, 692 Fed. Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

   D.  Whether the ALJ properly evaluated plaintiff's impairments at step two

Plaintiff asserts that the ALJ erred by failing to find her depression to be a severe impairment at step two. Dkt. 12, at 7. Plaintiff claims the ALJ inappropriately discounted the opinions of Mr. Jensen and Ms. Ragan in coming to his conclusion that the

impairment was not severe, and that the ALJ should have questioned plaintiff about her depression and the resulting limitations at the hearing. *Id.* at 6.

At step two, the claimant has the burden of establishing that they have medically determinable, severe impairments. *See Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001). An impairment is medically determinable only when its existence can be shown through objective medical evidence such as laboratory findings and tests done using acceptable clinical diagnostic techniques. *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (internal citations omitted). "'[R]egardless of how many symptoms an individual alleges, or how genuine the individual's complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings.'" *Ukolov*, 420 F.3d at 1005 (internal citations omitted).

With respect to Plaintiff's depression, the ALJ found the impairment medically determinable, but non-severe, because plaintiff had not demonstrated "more than minimal limitation in [plaintiff's] ability to perform basic mental work activities." *Id.* The ALJ considered whether plaintiff had difficulty understanding, remembering or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing herself. *Id.* (pursuant to the four areas of mental functioning found in 20 C.F.R. Part 404, Subpart P, App'x 1). The ALJ found mild limitation in all categories, based on a lack of objective observations from her healthcare providers that plaintiff had difficulty with any of these mental work activities. AR 18.

Plaintiff argues that the ALJ failed to consider treatment notes from her providers noting plaintiff's emotional volatility and tearfulness, as well as observations by two SSI

facilitators, that plaintiff had demonstrated some difficulty with concentration, understanding, coherency, talking and answering. Dkt. 12, at 6, citing AR 348, 380, 364, 378-79, 392; *id.* at 15, citing AR 240-242. Yet plaintiff does not argue how the evidence of her mental health symptoms affected her ability to function in a work environment, nor does she otherwise assert limitations stemming from her depression that are missing from the ALJ's assessment of her RFC.

The ALJ's duty to develop the record is not triggered by plaintiff's allegation that the ALJ should have questioned her at the disability hearing, particularly when at the hearing, plaintiff herself did not allege that her depression caused her any limitations. AR 42-28 (plaintiff testified to pain as the reason for her limitations); *see Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Because plaintiff does not allege that her depression causes distinct functional limitations more restrictive those already contained in the RFC, plaintiff has not met her burden to demonstrate that her impairment was severe. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir.1993) ("The mere existence of an impairment is insufficient proof of a disability"); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir.1988) (noting "[t]he mere diagnosis of [an impairment] ... says nothing about the severity of the [diagnosed] condition). Accordingly, the ALJ did not err at step two of the evaluation.

1

## V.   <u>CONCLUSION</u>

2

Based on the foregoing discussion, the Court finds the ALJ properly determined

3

plaintiff to be not disabled. Defendant's decision to deny benefits therefore is

4

AFFIRMED.

5

6

Dated this 17th day of March, 2021.

7

8

Theresa L. Fricke
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25